**UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Michael W. KIRBY**
**Chief Operations Specialist (E-7), U.S. Coast Guard**

**CGCMG 0332**
**Docket No. 1433**

**20 March 2017**

General Court-Martial convened by Commander, Fourteenth Coast Guard District. Tried at Honolulu, Hawaii, on 8 April, 27 May, and 1-4 June 2015.

| | |
|---|---|
| Military Judge: | CAPT Christine N. Cutter, USCG |
| Trial Counsel: | LCDR Kelly A. Sawyer, USCG |
| Assistant Trial Counsel: | LCDR Robert M. Pirone, USCG |
| Assistant Trial Counsel: | LCDR Angela A. Cook, USCG |
| Civilian Defense Counsel: | Mr. Kenneth B. Martin, Esq. |
| Military Defense Counsel: | LCDR Shane E. Johnson, JAGC, USN |
| Appellate Defense Counsel: | LT Philip A. Jones, USCGR |
| Appellate Government Counsel: | LT Sharyl L. Pels, USCGR |
| | LT Tereza Z. Ohley, USCGR |

**BEFORE**
**McCLELLAND, HAVRANEK & BRUCE**
Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by general court-martial, military judge alone. Contrary to his pleas, Appellant was convicted of one specification of making false official statements, in violation of Article 107, Uniform Code of Military Justice (UCMJ); thirteen specifications of wrongfully committing indecent conduct, in violation of Article 120, UCMJ, as it existed between 1 October 2007 and 27 June 2012; three specifications of indecent visual recording, in violation of Article 120c, UCMJ[1]; and one specification of possessing child pornography and one specification of producing child pornography, both in violation of Article 134, UCMJ. The military judge

---

[1] One of the three specifications of indecent visual recording was conditionally dismissed.

sentenced Appellant to confinement for ten years, reduction to E-1, and dishonorable discharge. The Convening Authority approved the sentence.

Before this Court, Appellant has assigned the following errors:

I.   Appellant's convictions of possessing and producing child pornography are legally and factually insufficient.

II.  Article 120c, UCMJ, is unconstitutionally vague as applied to a parent with regard to video recording their minor child.

III. Appellant's sentence is inappropriately severe.

As to the third issue, we do not agree that the sentence is inappropriately severe. We set aside the conviction of producing child pornography, and otherwise affirm.

**Legal and factual sufficiency as to child pornography specifications**

The test for legal sufficiency is whether, considering the evidence in the light most favorable to the Government, a reasonable factfinder could have found the elements of the offense beyond a reasonable doubt. *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The test for factual sufficiency is whether, after weighing all the evidence in the record of trial and recognizing that we did not see or hear the witnesses, this Court is convinced of Appellant's guilt beyond a reasonable doubt. *Turner,* 25 M.J. at 325; *see* Article 66(c), UCMJ.

There is evidence, including from Appellant himself, that on several occasions he set up a camera to capture images of his daughter when she would be nude. The subject (his daughter) and the locations in their home were identified by Appellant's wife or his daughter or both for each of the images found. Among the video images captured was one in which the daughter appeared to be masturbating. This image was the basis for the specifications alleging production and possession of child pornography, Specifications 6 and 5 respectively of Charge IV.

2

Concerning the conviction of producing child pornography, it is clear from the record that Appellant set up the camera and allowed it to run, intending to capture images of nudity. To say that he expected or intended to capture pornographic images is not supported by the evidence. We find that the image in question, labeled "25mar13.AVI," does meet the definition of child pornography found in paragraph 68b.c. of Part IV of the Manual for Courts-Martial, United States (2012 ed.). However, we do not find that he knowingly produced this single pornographic image. We will set aside the finding of guilty of Specification 6 of Charge IV.

The same image, "25mar13.AVI," was the subject of Specification 5 of Charge III, alleging indecent visual recording. Appellant was found guilty of this specification. The military judge conditionally dismissed Specification 5 of Charge III, stating that it involved the same conduct as Specification 6 of Charge IV. (R$_{4JUN2015}$ at 16-17.) In effect, the two specifications were held to be an unreasonable multiplication of charges. When we set aside the finding of guilty of Specification 6 of Charge IV and dismiss that specification, it will be appropriate to reinstate Specification 5 of Charge III.

When conviction of one or more offenses is set aside, a Court of Criminal Appeals may reassess a sentence when it can determine to its satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity; a sentence of that severity or less will be free of the prejudicial effects of error. *United States v. Moffeit,* 63 M.J. 40, 41 (C.A.A.F. 2006) (citing *United States v. Sales,* 22 M.J. 305, 308 (C.M.A. 1986)). Stated another way, if the Court of Criminal Appeals cannot reliably determine what sentence would have been imposed at the trial level had the error not occurred, then a rehearing on sentence is in order. *Sales*, 22 M.J. at 307. In this case, we are certain that the sentence would have been the same with the substitution of Specification 5 of Charge III for Specification 6 of Charge IV. For sentencing purposes, any difference in those offenses here is minimal. Although production of child pornography is generally a more serious crime than indecent visual recording, under the unique facts of this case, the only difference in the offenses relates to whether Appellant knew he would record anything more than images of nudity. While the evidence of such knowledge falls short, no one would be surprised, given the extent of Appellant's recording, that he captured more than he may have expected.

Concerning the conviction of possessing child pornography, we find the evidence legally and factually sufficient.

**Constitutional challenge to Article 120c**

Appellant contends that Article 120c's provision criminalizing "indecent visual recording" is unconstitutional as applied to a parent with regard to video-recording their minor child, because the statute does not establish at what point the ability to consent shifts from the parent to the child.

The relevant provisions of Article 120c read as follows:

(a) Indecent Viewing, Visual Recording, or Broadcasting. Any person subject to this chapter who, without legal justification or lawful authorization—

* * *

(2) knowingly photographs, videotapes, films, or records by any means the private area of another person, without that other person's consent and under circumstances in which that other person has a reasonable expectation of privacy;

* * *

is guilty of an offense under this section and shall be punished as a court-martial may direct.

The terms "private area" and "reasonable expectation of privacy" are defined in Article 120c(d).

Concerning the element of consent, the statute simply says "without *that other person's* consent." (Emphasis added) We see no reason to apply anything other than the plain meaning of that statement; there is nothing in the language suggesting that Congress intended that a parent could consent on behalf of a child for the purposes of this statute. There is nothing vague about it.

In this case, Appellant did not obtain his daughter's consent to the videotaping, so the question of whether she, as a child, could have legally consented does not arise.

Our interpretation of the consent element does not mean that parental rights are ignored. The wrongfulness element is sufficiently broad to include the issue of parental rights as a matter the Government would have the burden to refute, beyond a reasonable doubt, if raised by evidence at trial. It may be that a parent should be allowed to videotape his child under certain circumstances, whether the child consents or not, without incurring criminal liability. We agree with the military judge's statement, "Circumstances could exist in which the parent who is generally responsible for the general care and supervision of a child could have legal justification and authorization to videotape the private areas of a child. Under the statute the government bears . . . the burden of proving the accused's conduct was wrongful, meaning without legal justification or lawful authorization." (Appellate Ex. XXXVI at 35.)

The military judge made special findings, for each of the three specifications under Article 120c (Charge III) of which Appellant was found guilty, as follows:

> The Court reasonably infers that the video recording by a biological father of his sexually developed daughter through the use of a hidden camera without her knowledge in her bedroom with the door shut to be without legal justification or lawful authorization. * * * The Court carefully considered but ultimately rejected the Defense's argument that the actions of the accused were motivated by concern to see if KK had inverted nipples.

(Appellate Ex. XXXVI at 27, 29, 30-31.) These findings are supported by the evidence.

We reject the constitutional challenge to Article 120c, and find the evidence supporting the specifications of Charge III legally and factually sufficient.

**Decision**

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the finding of guilty of Specification 6 of Charge IV is set aside, and the specification is dismissed. Specification 5 of Charge III, conditionally dismissed by the military judge, is reinstated. The remaining findings, including the finding of guilty of Specification 5 of Charge III, and the sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the remaining findings of guilty and the sentence, as approved below, are affirmed.

Judges HAVRANEK and BRUCE concur.



For the Court,

Sarah P. Valdes
Clerk of the Court